≈JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ABC CAPITAL INVESTMENTS LLC
1218 N. Marshall Street

**DEFENDANTS**
City of Philadelphia
One Parkway

(b) County of Residence of First Listed Plaintiff  Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David T. Shulick, Esquire
1500 JFK Blvd, Suite 1030

Attorneys (If Known)
Armando Brigandi, Esquire
1515 Arch Street, 14th Floor

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983
Brief description of cause:
Plaintiff alleges federal civil rights violation under 42 O.S.C. Section 1983

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                    DOCKET NUMBER

DATE
9/13/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: <u>ABC Capital Investments, LLC, 1218 N. Marshall Street, Philadelphia, PA  19122</u>

Address of Defendant: <u>**City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102**</u>

Place of Accident, Incident or Transaction: <u>Philadelphia, PA</u>
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).      Yes ☐      No ☑

Does this case involve multidistrict litigation possibilities?      Yes ☐      No ☑
*RELATED CASE IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐      No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐      No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐      No ☑

CIVIL: (Place   in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All
2. ☐ FELA
3. ☐ Jones Act – Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

Other  Contracts      1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products liability - Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, <u>Armando Brigandi</u>, counsel of record do hereby certify:

☑ Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: <u>9/13/16</u>          <u>Armando Brigandi, Esquire</u>          <u>92208</u>
                              Attorney-at-Law          Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: <u>9/13/16</u>          <u>Armando Brigandi, Esquire</u>          <u>92208</u>
                              Attorney-at-Law          Attorney I.D. #

CIV. 609 (4/03)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABC CAPITAL INVESTMENTS, LLC. | : | COURT OF COMMON PLEAS |
| 1218 North Marshall Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA  19122 | : | COMMONWEALTH OF PENNSYLVANIA |
| and | : | |
| ALPHA CAPITAL INVESTMENTS, LLC. | : | |
| 1218 North Marshall Street | : | |
| Philadelphia, PA  19122 | : | |
| Plaintiffs | : | |
| v. | : | |
| CNA FINANCIAL CORPORATION | : | |
| PO Box 8317 | : | |
| Chicago, IL  60680-8317 | : | |
| and | : | No. _____ |
| CONTINENTAL CASUALTY | : | |
| COMPANY | : | |
| Chicago, Illinois  60604 | : | |
| and | : | |
| BENEFICIAL INSURANCE | : | |
| SERVICES, LLC. | : | |
| 1818 North Market Street | : | |
| Philadelphia, PA  19103-3638 | : | |
| and | : | |
| CITY OF PHILADELPHIA | : | Formerly, |
| 1515 Arch St. | : | Court of Common Pleas |
| Law Department | : | Philadelphia County |
| Philadelphia, PA  19107 | : | August Term 2016, No. 160802544 |
| Defendants | : | |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.          (   )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          (   )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.          (   )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.          (   )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          (   )

(f)   Standard Management -- Cases that do not fall into any one of the other tracks.          ( X )

_9/13/16_____            _____          Defendants_____
Date                        Armando Brigandi, Esq.                          Attorney for

**(215) 683-5381**              **(215) 683-5397**                    **armando.brigandi@phila.gov**

_____            _____          _____  _____
Telephone                   FAX Number                            E-mail Address
(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABC CAPITAL INVESTMENTS, LLC.** | : | **COURT OF COMMON PLEAS** |
| **1218 North Marshall Street** | : | **PHILADELPHIA COUNTY** |
| **Philadelphia, PA  19122** | : | **COMMONWEALTH OF PENNSYLVANIA** |
| **and** | : | |
| **ALPHA CAPITAL INVESTMENTS, LLC.** | : | |
| **1218 North Marshall Street** | : | |
| **Philadelphia, PA  19122** | : | |
| **Plaintiffs** | : | |
| **CNA FINANCIAL CORPORATION** | : | |
| **PO Box 8317** | : | |
| **Chicago, IL  60680-8317** | : | |
| **and** | : | **No. _____** |
| **CONTINENTAL CASUALTY** | : | |
| **COMPANY** | : | |
| **Chicago, Illinois  60604** | : | |
| **and** | : | |
| **BENEFICIAL INSURANCE** | : | |
| **SERVICES, LLC.** | : | |
| **1818 North Market Street** | : | |
| **Philadelphia, PA  19103-3638** | : | |
| **and** | : | |
| **CITY OF PHILADELPHIA** | : | **Formerly,** |
| **1515 Arch St.** | : | **Court of Common Pleas** |
| **Law Department** | : | **Philadelphia County** |
| **Philadelphia, PA  19107** | : | **August Term 2016, No. 160802544** |
| **Defendants** | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of
Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendant, CNA Financial Corporation, Continental
Casualty company, Beneficial Insurance Services, LLC and the City of Philadelphia, (hereinafter
"petitioners") through their counsel, Armando Brigandi, Chief Deputy City Solicitor, respectfully
petition for the removal of this action to the United States District Court for the Eastern District
of Pennsylvania.  In support thereof, defendants state the following:

1.      In August, 2016, plaintiff initiated this action by a Complaint in the Court of
Common Pleas in Philadelphia, August Term, 2016; No. 160802544.  (Exhibit A - Complaint).

2.   On August 24, 2016 said Complaint was served on Petitioner at 1515 Arch Street,

14th Floor, Philadelphia, Pennsylvania.

3.  Plaintiffs allege that on or about the winter of 2016 they sustained damages when their civil rights were violated by the defendants. (Exhibit A ).

4.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABC CAPITAL INVESTMENTS, LLC. | : | COURT OF COMMON PLEAS |
| 1218 North Marshall Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA  19122 | : | COMMONWEALTH OF PENNSYLVANIA |
| and | : | |
| ALPHA CAPITAL INVESTMENTS, LLC. | : | |
| 1218 North Marshall Street | : | |
| Philadelphia, PA  19122 | : | |
| Plaintiffs | : | |
| CNA FINANCIAL CORPORATION | : | |
| PO Box 8317 | : | |
| Chicago, IL  60680-8317 | : | |
| and | : | No. _____ |
| CONTINENTAL CASUALTY | : | |
| COMPANY | : | |
| Chicago, Illinois  60604 | : | |
| and | : | |
| BENEFICIAL INSURANCE | : | |
| SERVICES, LLC. | : | |
| 1818 North Market Street | : | |
| Philadelphia, PA  19103-3638 | : | |
| and | : | |
| CITY OF PHILADELPHIA | : | Formerly, |
| 1515 Arch St. | : | Court of Common Pleas |
| Law Department | : | Philadelphia County |
| Philadelphia, PA  19107 | : | August Term 2016, No. 160802544 |
| Defendants | : | |

## NOTICE OF FILING OF REMOVAL

TO:   David T. Shulick, Esquire
        1500 JFK Blvd, Suite 1030
        Philadelphia, PA 19102

PLEASE TAKE NOTICE THAT on September 14, 2016, defendant, CNA Financial Corporation, Continental Casualty Company, Beneficial Insurance Services, LLC and the City of Philadelphia filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

**Wherefore,** petitioner, PO Christopher Hulmes and the City of Philadelphia, respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Armando Brigandi
Chief Deputy City Solicitor

**ARMANDO BRIGANDI**
**Chief Deputy City Solicitor**
**Attorney I.D. No. 92208**
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5381

Date: 9/13/16

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**ARMANDO BRIGANDI**
**Chief Deputy City Solicitor**
**Attorney I.D. No. 92208**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABC CAPITAL INVESTMENTS, LLC. | : | COURT OF COMMON PLEAS |
| 1218 North Marshall Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA  19122 | : | COMMONWEALTH OF PENNSYLVANIA |
| and | : | |
| ALPHA CAPITAL INVESTMENTS, LLC. | : | |
| 1218 North Marshall Street | : | |
| Philadelphia, PA  19122 | : | |
| Plaintiffs | : | |
| CNA FINANCIAL CORPORATION | : | |
| PO Box 8317 | : | |
| Chicago, IL  60680-8317 | : | |
| and | : | No. _____ |
| CONTINENTAL CASUALTY | : | |
| COMPANY | : | |
| Chicago, Illinois  60604 | : | |
| and | : | |
| BENEFICIAL INSURANCE | : | |
| SERVICES, LLC. | : | |
| 1818 North Market Street | : | |
| Philadelphia, PA  19103-3638 | : | |
| and | : | |
| CITY OF PHILADELPHIA | : | Formerly, |
| 1515 Arch St. | : | Court of Common Pleas |
| Law Department | : | Philadelphia County |
| Philadelphia, PA  19107 | : | August Term 2016, No. 160802544 |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Armando Brigandi, Divisional Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   David T. Shulick, Esquire
        1500 JFK Blvd, Suite 1030
        Philadelphia, PA 19102

**ARMANDO BRIGANDI**
**Chief Deputy City Solicitor**
**Attorney ID No. 92208**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

Date: 9/13/16

Exhibit "A"

94240   10834

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2016**

E-Filing Number: 1608035615

**002544**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ABC CAPITAL INVESTMENTS LLC. | CNA FINANCIAL CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1218 N. MARSHALL STREET<br>PHILADELPHIA PA 19122 | PO BOX 8317<br>CHICAGO IL 60680 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ALPHA CAPITAL INVESTMENTS LLC. | CONTINENTAL CASUALTY COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1218 N. MARSHALL STREET<br>PHILADELPHIA PA 19122 | 333 SOUTH WABASH<br>CHICAGO IL 60604 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | BENEFICAL INSURANCE SERVICES LLC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 1818 NORTH MARKET STREET<br>PHILADELPHIA PA 19103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 4 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**

[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**

[ ] Arbitration      [ ] Mass Tort          [ ] Commerce          [ ] Settlement
[X] Jury             [ ] Savings Action     [ ] Minor Court Appeal [ ] Minors
[ ] Non-Jury         [ ] Petition           [ ] Statutory Appeals  [ ] W/D/Survival
[ ] Other:

**CASE TYPE AND CODE**

1J - BAD FAITH

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED
PRO PROTHY**

AUG **19** 2016

**M. BRYANT**

**IS CASE SUBJECT TO
COORDINATION ORDER?**

YES          NO

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>ABC CAPITAL INVESTMENTS LLC.</u>,
<u>ALPHA CAPITAL INVESTMENTS LLC.</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| DAVID T. SHULICK | 1500 JFK BLVD<br>SUITE 1030<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)988-5488 | (215)988-5478 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 74333 | david@shulicklaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *DAVID SHULICK* | Friday, August 19, 2016, 10:02 am |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. CNA FINANCIAL CORPORATION
   PO BOX 8317
   CHICAGO IL 60680
2. CONTINENTAL CASUALTY COMPANY
   333 SOUTH WABASH
   CHICAGO IL 60604
3. BENEFICAL INSURANCE SERVICES LLC.
   1818 NORTH MARKET STREET
   PHILADELPHIA PA 19103
4. CITY OF PHILADELPHIA   OK
   1515 ARCH STREET
   PHILADELPHIA PA 19107

SHULICK LAW
BY:  David T. Shulick, Esquire
*Attorney for Plaintiff*
Attorney I.D. No. 74333
1500 J.F.K. Boulevard, Suite 1110
Philadelphia, PA 19102
(215) 988-5488



| | |
|---|---|
| ABC CAPITAL INVESTMENTS, LLC.<br>1218 North Marshall Street<br>Philadelphia, PA 19122<br>and<br>ALPHA CAPITAL INVESTMENTS, LLC.<br>1218 North Marshall Street<br>Philadelphia, PA 19122<br>Plaintiffs<br><br>v.<br><br>CNA FINANCIAL CORPORATION<br>PO Box 8317<br>Chicago, IL 60680-8317<br>and<br>CONTINENTAL CASUALTY<br>COMPANY<br>333 South Wabash<br>Chicago, Illinois 60604<br>and<br>BENEFICIAL INSURANCE<br>SERVICES, LLC.<br>1818 North Market Street<br>Philadelphia, PA 19103-3638<br>and<br>CITY OF PHILADELPHIA<br>1515 Arch Street<br>Law Department<br>Philadelphia, PA  19107<br>Defendants | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br>August Term, 2016<br>No.: |

## COMPLAINT – CIVIL ACTION

| NOTICE TO DEFEND | AVISO |
|---|---|
| You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br><div align="center">Philadelphia Bar Association<br>Lawyer Referral and Information Service<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania 19107-2911<br>Telephone: (215) 238-6333</div> | Lo(s) han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas  y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte  puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA  DIRECCIÓN SE ENCUENTRA ESCRITA  ABAJO PARA AVERIGUAR DONDE SE  PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br><div align="center">Asociación de Licenciados de Filadelfia<br>Servicio de Referencia E Información Legal<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania 19107-2911<br>Teléfono: (215) 238-6333</div> |

Case ID: 160802544

SHULICK LAW
BY:  David T. Shulick, Esquire
*Attorney for Plaintiff*
Attorney I.D. No. 74333
1500 J.F.K. Boulevard, Suite 1110
Philadelphia, PA 19102
(215) 988-5488

| | |
|---|---|
| ABC CAPITAL INVESTMENTS, LLC.<br>1218 North Marshall Street<br>Philadelphia, PA 19122<br>and<br>ALPHA CAPITAL INVESTMENTS, LLC.<br>1218 North Marshall Street<br>Philadelphia, PA 19122<br>Plaintiffs<br><br>v.<br><br>CNA FINANCIAL CORPORATION<br>PO Box 8317<br>Chicago, IL 60680-8317<br>and<br>CONTINENTAL CASUALTY<br>COMPANY<br>333 South Wabash<br>Chicago, Illinois 60604<br>and<br>BENEFICIAL INSURANCE<br>SERVICES, LLC.<br>1818 North Market Street<br>Philadelphia, PA 19103-3638<br>and<br>CITY OF PHILADELPHIA<br>1515 Arch Street<br>Law Department<br>Philadelphia, PA  19107<br>Defendants | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br>August Term, 2016<br>No.: |

## COMPLAINT – CIVIL ACTION

Plaintiffs, ABC Capital Investments, LLC ("ABC") and Alpha Capital Investments,

LLC ("Alpha"), by and through their undersigned counsel, herein files a Complaint against

Defendants CNA Financial Corporation ("CNA"), Continental Casualty Company ("CCC"),

Beneficial Insurance Services, LLC ("Beneficial") and the City of Philadelphia ("the City"),

and in support thereof, avers as follows:

Case ID: 160802544

## PARTIES

1.  Plaintiff ABC is a LLC. duly organized in accordance with the laws of the Commonwealth of Pennsylvania, with an address located at 1218 North Marshall Street, Philadelphia, PA 19122.

2.  Plaintiff Alpha is a LLC. duly organized in accordance with the laws of the Commonwealth of Pennsylvania, with an address located at 1218 North Marshall Street, Philadelphia, PA 19122.

3.  Defendant CNA is a corporation that, upon information and belief, is licensed to sell and hold insurance polices with businesses without limitation with an address of PO Box 8317, Chicago, IL 60680-8317.

4.  Defendant CCC is a corporation that, upon information and belief, is licensed to sell and hold insurance policies with businesses without limitation with an address of 333 South Wabash Ave, Chicago Illinois 60604.

5.  For the purposes of this matter, CNA has acted as the umbrella company, controlling and assessing the insurance claims made by ABC while CCC was responsible for providing coverage pursuant to the policy held by ABC. Said insurance policy is attached hereto as Exhibit "A" and incorporated hereafter by reference and if fully set forth at length. For the purposes of this matter Defendant CNA and CCC have acted as one and the same.

6.  Defendant Beneficial is a corporation and licensed insurance agency with an address of 1818 Market St. Philadelphia, PA 19103-3638.

7.  Defendant City of Philadelphia has an address of 1515 Arch St. Philadelphia, PA 19107.

## JURISDICTION

8.      Jurisdiction and venue are properly vested with the Philadelphia Court of Common Pleas in that all or the majority of the claims of Plaintiffs' relate to a Philadelphia County property, and as alleged, all Defendants subject to suit in Philadelphia County routinely and regularly conduct or conducted business in Philadelphia County, and are subject to suit in said County pursuant to the Rules of Civil Procedure and related case law.

## FACTS

9.      This matter involves the property located at 714 N. 36th Street, Philadelphia, PA 19104 ("the Property").

10.     The Property was purchased by Plaintiff Alpha on December 1, 2015. Plaintiff ABC was contracted by Alpha to act as property manager. ABC was in charge of maintenance and renovation for the Property including the hiring of any contractors or subcontractors and the oversight of any work done on the Property.

11.     ABC hired multiple contractors to perform work on the Property during the fall and winter of 2015-2016. Throughout the renovation process, ABC repeatedly failed to adhere to their agreement with Alpha by failing to ensure that the proper construction permits and Builder's Risk Insurance had been obtained by the hired contractors. As a result of the negligence of ABC the work done on the Property was not done by the proper means or through the appropriate channels.

12.     An inspection by the City revealed that a retaining wall on the Property was in jeopardy of collapsing and as a result contractors were hired by ABC to reinforce

the retaining wall and neither ABC nor Alpha were ever so notified, and all such allegations were disputed by the contractor.

13. During the winter of 2016 the City, despite prior contrary information provided, suddenly and without warning made a unilateral determination that one wall of the structure, braced by the contractor per the City L&I Inspector's instructions, was not sufficient and Defendant City then stated that the entire wall must be torn down.

14. Plaintiffs took immediate action, communicated with Defendant City, urgently had the Property inspected by a professional engineer who ensured, through sworn affidavit, that the structure was not in danger of collapse. However, without due process, and in total disregard for Plaintiffs' rights and the sworn Affidavit of the P.E., the City held an emergency hearing, deprived Plaintiffs' of their civil rights, ignored the Affidavit and P.E. Certification in direct conflict with the City, ignored the City's prior instructions that the bracing would be fine, and tore down the building and billed Plaintiff fifty three-thousand dollars ($53,000) for the cost of the demolition. The engineers sworn affidavit, as is the City's outrageous demolition bill, both attached hereto as Exhibit "B"

15. The City prematurely demolished the building while on notice that there were still factual issues in dispute and after being made fully aware of the engineer's affidavit stating that the Property need not be demolished and with the proper service of process given to Plaintiffs, and there was no risk of imminent harm, and as will be proven through discovery.

16. Defendant Beneficial was hired by Plaintiff ABC, and Alpha, to serve as their skilled insurance agent, and was responsible for ensuring that the Property was

fully insured from all perils and risks of all kinds. ABC and Beneficial previously had a longstanding business relationship through which ABC has paid Beneficial a substantial sum as their insurance agent and relied upon Beneficial as the sole and complete source for procuring complete and adequate insurance and to provide expertise, and to properly notify of any gaps in any insurance coverage. Beneficial never so advised as to any such gaps in coverage.

17.  Beneficial directed ABC and Alpha to contract with Defendants CNA and CCC to procure insurance for the Property to cover all risks, to cover any third party building issue or liability, and received a commission.  CNA acted as the umbrella company while CCC was responsible for providing coverage, for which ABC and Alpha paid both CAN and Beneficial substantial sums.

18.  Plaintiff's insurance policy manifested by Beneficial, Exhibit "A," with Defendants CNA and CCC was enacted on 7/10/15. The policy was effective until 7/10/16 and was in full effect at the time of the destruction of the Property.

19.  Plaintiff's insurance policy held with Defendants CNA and CCC clearly covered property damage, and negligence on the part of ABC such as the negligence through which ABC failed to ensure that the work done on the Property was done adequately and with the proper permits. Furthermore, the insurance policy clearly covers property damage done by parties outside of the insured or hired contractors such as the property damage done by the City of Philadelphia.  By way of further answer, it was not a hired contractor who destroyed Plaintiffs' property, but in fact, the Defendant City of Philadelphia, and there should be coverage for all related damages.

20. Plaintiff Alpha filed a claim against Plaintiff ABC with Defendants CNA and CCC as a result of the destruction of the Property to cover the losses sustained as a result of said destruction.

21. CNA, who has since handled the claim, has refused to cover and recoup Plaintiffs pursuant to their insurance policy and has ignored the proveable facts and policy language and issued a Reservation of Rights letter that Plaintiffs' have rightfully demanded be rescinded as it is in Bad Faith, and in violation of 42 Pa. C.S.A. 8371 - and all such Bad Faith notices have been ignored by Defendant CAN and CCC, through which they continue to stall, thwart, and deny Plaintiffs' claim, said letter is attached hereto as Exhibit "D" and incorporated herein by reference as if set forth at length.

22. The claim was denied and/or the reservation of rights was issued, by Defendant CNA and CCC citing the Property Management Agreement between Alpha and ABC and the clause in the insurance contract exempting coverage for specific types of property damage.

23. The Reservation of Rights letter failed to address the damage done by the City of Philadelphia and the procedures, or lack there of, through which that demolition was commenced.

24. Up to the present date, CNA and CCC have failed to properly comply with the insurance policy held by ABC and have refused to accept Alpha's claim.

**COUNT I**
**BREACH OF CONTRACT**
**(Plaintiffs v. Defendants CNA and CCC)**

25. Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 24 above as if a more fully set forth herein.

Case ID: 160802544

26. Defendants CNA and CCC represented to Plaintiffs, Inc. that they had, and consistently had, liability policies of insurance for the Property. Said policies clearly covered property damage as a result of the actions of outside parties and through the negligence of ABC such as the property damage that occurred to the Property during the winter of 2016.

27. Despite said representations by Defendants CNA and CCC, when Plaintiff Alpha tendered their claim to Defendants, they failed and refused to provide any adequate explanation, ignored all of Plaintiff ABC and its counsel's inquires, and left Plaintiffs to bear the cost of counsel to enter their appearance and pursue this litigation.

28. As a result, Plaintiffs have no insurance coverage for the destruction of the Property, nor has any insurance carrier provided the Plaintiffs with an adequate and complete explanation or reimbursed the Plaintiffs for the costs incurred related to this claim.

29. Plaintiffs have been damaged in an amount in excess of $280,000.

## COUNT II
### <u>UNJUST ENRICHMENT</u>
### (Plaintiffs v. Defendants CNA and CCC)

30. The foregoing allegations are incorporated herein by reference as if set forth in full.

31. Defendants CNA and CCC have, and continue to be, unjustly enriched as a result of the conduct described above in this Complaint.

32. CNA and CCC received benefits in the form payments made in relation to the insurance policy for which they have failed to adhere to and for which they have refused to provide coverage under contrary to the language of the policy.

Case ID: 160802544

33.   Retention of these benefits by Defendants' would be unjust and inequitable. Defendants abused their discretion by disregarding numerous attempts made by Plaintiffs to ensure that the insurance policy be adhered to and they have engaged in protracted delays that have led to the deterioration in the value of the Property and the inability of Plaintiffs to recoup any loses and proceed with the rebuild of the Property.

34.   It would be unjust and inequitable for CNA and CCC to retain such benefits, and Plaintiffs are entitled to restitution of all monies and fees and charges owed, unjustly and inequitably retained, and damages for the improperly alleged lack of coverage regarding the Property and related insurance policy.

<div align="center">

**COUNT III**

**BAD FAITH**

**(Plaintiffs v. Defendants CNA and CCC)**

</div>

35.   Plaintiff incorporates paragraphs 1 through 32 as though fully set forth at length herein.

    a.   42 Pa. C.S.A. 8371 entitled "Actions on Insurance Policies" provides a private cause of action for bad faith against insurance companies if the Court finds that the insurer has acted in bad faith towards the insured and permits the following damages to be awarded:

    (1)   Interest on the amount of the claim from the date a claim was made by the insured in an amount equal to the prime rate of interest plus three (3%) percent.
    (2)   Punitive damages against the insurer.
    (3)   Court costs and attorney's fees against the insurer.

    b.   Plaintiff ABC made all payments for insurance policies to Defendants CNA and CCC in full and in a timely fashion through their insurance agent,

Beneficial, who secured the insurance for Plaintiff ABC to cover the Property.

c.     Despite the above, CNA and CCC acted in bad faith towards its insured and Plaintiff Alpha, as set forth above and by falsely claiming that the property damage at issue was not covered by their policy and that as a result, the claim for damage was not covered under the policy.

d.     The blanket denial, illogical and incorrect interpretation of the policy, and the refusal to pay the claim, after Bad Faith notice, constituted a violation of 42 Pa.C.S.A. 8371, and constitutes Bad Faith on the part of Defendants CNA and CCC.

e.     As a direct and proximate result, Plaintiffs, have incurred damages in excess of $280,000.00, plus attorney's fees, costs of suit, and otherwise has been left in a damaged condition and state of disrepair.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants CNA and CCC, joint and severally, for Counts I through III, including bad faith conduct pursuant to 42 Pa. C.S.A. 8371, unjust enrichment and breach of contract in an amount in excess of $280,000.00, plus punitive damages, attorney's fees and court costs, and such other and further relief as this Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT
### (Plaintiffs v. Defendant Beneficial Insurance Services, LLC.)

36.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35 above as though fully set forth at length herein.

37.   Defendant Agent Beneficial represented to ABC that they had, and consistently had, full insurance coverage for anything that would happen to any Client property, including full coverage of the Property and any potential damages that may arise through the renovation process..

38.   Despite said representations by Defendant, when Alpha tendered the Property claim to Defendants CNA and CCC, they failed and refused to provide any coverage, ignored all of ABC and its counsel's inquires, and left Plaintiffs to bear all costs related to this matter..

39.   As a result, Plaintiffs may have, if Defendants CAN and CCC are correct legally and factually, no insurance coverage for the Property, an issue that falls in direct violation of the contract between ABC and Defendant Beneficial. Despite consistent payments made to Defendant Beneficial for their services, despite a duty on the part of Beneficial to procure complete and full coverage for the Property and despite the assurances made by Beneficial that such coverage would be procured, Plaintiffs find themselves in a position without coverage and they have yet to be appropriately compensated for damage done to the Property.

40.   Plaintiffs have been damaged in an amount in excess of $280,000.

## COUNT V
## BREACH OF FIDUCIARY DUTY
### (Plaintiffs v. Defendant Beneficial Insurance Services, LLC.)

41.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40 above as though fully set forth at length herein.

42.   At all relevant times, Defendant Beneficial was contracted by ABC to find complete and full insurance coverage for the Property and therefore had an

Case ID: 160802544

obligation to perform their duties and responsibilities in good faith and with honesty.

43.   Defendant Beneficial breached those duties by:

    a.   Providing ABC with coverage that was inadequate, which allowed Defendants CNA and CCC to attempt to find a loophole through which they could deny coverage for damage done to the Property

    b.   Accepting full payment from ABC for services rendered for which they failed to adequately and appropriately render.

    c.   Falsely representing to Plaintiff ABC that they had complete coverage for the Property and that the insurance policy they procured was without undue discrepancies or major gaps in coverage.

    d.   Not advising Plaintiffs' that there was a potential or actual gap in insurance coverage, and/or failing to properly secure such coverage as represented, instructed and contracted to so procure.

44.   As a result of Defendant Beneficial's breach of fiduciary duty, Plaintiffs suffered losses in excess of $280,000.

<div align="center">

**COUNT VI**

**<u>NEGLIGENCE</u>**

**(Plaintiffs v. Defendant Beneficial Insurance Services, LLC.)**

</div>

45.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 44 above as if more fully set forth herein.

46.   Defendant Agent, jointly and severally, had a duty to deal fairly with Plaintiff ABC to be certain that at all times the insurance covering Plaintiff's operations, assets, employees and other property of Plaintiff would be in full force and effect

for any and all claims from any and all patrons or business invitees, or other third parties.

47.    Despite said duty by Defendant Agent, they  breached their duty by failing to timely procure appropriate insurance coverage for Plaintiff ABC, and/or causing a potential loophole or gap in insurance coverage to exist regarding potential property damage regarding the Property.

48.    As a result Plaintiffs have been damaged in an amount in excess of $280,000.

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court enter judgment in its favor and against the Defendant Beneficial, in Counts IV, V and VI, jointly and severally, in an amount in excess of Two Hundred and Eighty Thousand ($280,000) Dollars, together with an award of interest on the amount of the claim from the date the claim was made in the amount of the prime rate plus Three (3%) Percent, punitive damages attorney's fees and costs and such other relief that this Court deems just and equitable.

## COUNT VII
### CIVIL RIGHTS VIOLATION – DUE PROCESS
**(Plaintiffs v. City of Philadelphia)**

49.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 48 above as if more fully set forth herein.

50.    This claim is brought pursuant to 42. U.S.C 1983 rights and privileges secured by the Constitution of the United States.

51.    Plaintiffs' right to due process, and other constitutional rights, were violated by the City of Philadelphia when the Property was demolished without first adhering to the proper procedural steps required for said action, including but not limited to the City giving inconsistent instructions regarding the bracing,

Case ID: 160802544

ignoring the prior instructions provided, and as otherwise will be proven through discovery.

52.   Following the inspection, through which a city inspector suddenly, despite prior communications to the contrary, determined the bracing was inadequate and the wall of the newly renovated Property was in danger of collapse.   However, Plaintiffs had the Property immediately inspected by a professional engineer who determined that the Property was not in danger of collapse, and Plaintiffs' offered to expedite anything the City wanted them to do regarding the bracing. The City was made aware of these findings, offers and communications, yet they were completely disregarded. *See* Exhibit "C."

53.   Before Plaintiffs were given any opportunity to make repairs or to have the matter handled through appropriate channels, the City demolished the building and billed Plaintiffs for the cost in direct violation of Plaintiffs' due process rights, as will be proven through discovery.

54.   The City engaged in the demolition without the proper service of process, notice, hearing, and by ignoring the record and evidence, and they did so while on notice that there were factual issues in dispute that they disregarded when determining to go ahead with the demolition.

55.   The City acted without a proper hearing by not permitting all parties to be properly served, heard, and by not taking the least intrusive action, by not having a proper second inspection, by ignoring the facts provided by one Janie Frost, on behalf of Plaintiffs, and without allowing Plaintiffs the opportunity to repair the allegedly defective bracing, or otherwise, and without keeping Plaintiffs appropriately informed and involved in each stage of the process and without

due consideration to the right of Plaintiffs regarding their property and their rights to due process.

56.     As a result of Defendant City of Philadelphia's actions, Plaintiffs have been given the bill for the demolition of the Property totaling fifty three-thousand, two hundred and forty ($53,240) dollars, and incurred substantial damages that will be proven at trial.

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court enter judgment in its favor and against the Defendant City of Philadelphia, jointly and severally, pursuant to Count VII, in an amount covering the cost of the demolition of the Property and such other relief that this Court deems just and equitable, plus attorneys fees and all other available damages.

**SHULICK LAW**

BY: _/s/ David T. Shulick_
_____
David T. Shulick, Esquire
Attorney for Plaintiffs

Case ID: 160802544

## <u>VERIFICATION</u>

We, the undersigned Plaintiffs, state that the statements made in the foregoing discovery answers and/or pleadings are true and correct to the best of my knowledge, information and belief; and that the foregoing statements are made subject to the penalties of 18 Pa. C.S.A. § 4909, relating to unsworn falsification to authorities.  A copy of our signature shall be legally binding.

ABC CAPITAL INVESTMENTS AND ALPHA CAPITAL INVESTMENTS:

By: _____

Managing Member and Attorney in Fact

Case ID: 160802544